U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 2 2 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EDGAR TORRES-CORTEZ | DOCKET NO. 06-CV-0782; SEC. "P" |
| VERSUS | JUDGE DRELL |
| FREDRICK MENIFEE, WARDEN | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2241) filed by *pro se* petitioner Edgar Torres-Cortez on or about May 5, 2006. Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP"). He is presently incarcerated at the United States Penitentiary, Pollock, ("USP-P") Louisiana. He contends that he is entitled to have his current federal sentence calculated to run concurrently with a sentence imposed by a Texas state court.

This matter has been referred to the undersigned for report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

On May 5, 2006, petitioner filed his *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. According to the petitioner, he was arrested in Texas on February 27, 2002 on both federal and state charges. Petitioner was convicted of violating 18 U.S.C. §922(g) in that he was an alien illegally in possession of a firearm. He was sentenced to serve forty-eight months in the custody of the Federal Bureau of Prisons. [Doc. #1-3, p. 2]

Petitioner claims that two days following the imposition of his federal sentence, he was sentenced to serve two years in prison by a Texas State Court. He claims that the Texas judge ordered the state sentence be served concurrently with the federal sentence. In support of this

contention, Petitioner offers an excerpt from the transcript in the matter entitled <u>State of Texas v. Alberto Tomas Pineiro-Aragones</u>, CR-869-02-I, CR-878-02-I, 398th Judicial District, Hidalgo County, Texas. [See Doc. #1-4, pp. 1-3.]

## LAW AND ANALYSIS

### 1. Exhaustion of Administrative Remedies

Petitioner does not challenge his conviction in the United States District Court for the Southern District of Texas; instead he attacks the manner in which his sentence is being executed. Accordingly, he seeks *habeas corpus* relief under 28 U.S.C. § 2241. In order to prevail, Petitioner must show that his continued custody is "... in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner argues that, although his federal sentence is silent as to whether it was to be served concurrently or consecutively to the Texas sentence, it was the intention of the United States District Judge that Petitioner's time spent in the Texas prison be applied to his federal sentence. [Doc. #1-3, p. 2]

The Fifth Circuit has determined that federal prisoners seeking relief under 28 U.S.C. § 2241 "must first exhaust ... administrative remedies through the Bureau of Prisons." <u>Rourke v. Thompson</u>, 11 F.3d 47, 49 (5th Cir.1993)(citing <u>United States v. Gabor</u>, 905 F.2d 76, 78 n. 2 (5th Cir.1990)(citations omitted); <u>Lundy v. Osborn</u>, 555 F.2d 534, 534-35 (5th Cir. 1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.") (citations omitted)). Exceptions to the exhaustion requirement apply only when "the available administrative remedies either are unavailable or wholly

inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Id. (citation omitted). The petitioner bears the burden of demonstrating futility. *Id.*

The administrative remedies available to inmates confined in BOP custody are set out in the Administrative Remedy Program, 28 C.F.R. §§ 542.10 - 542.19 (1998). Section 542.13(a) requires that an inmate first informally present his complaint to the staff (thereby providing them with an opportunity to correct the problem) before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may go to the second level by filing a formal written request (a BP-9 form) to the Warden within "20 calendar days following the date on which the basis of the Request occurred." See § 542.14(a). If the inmate is dissatisfied with the Warden's response, he may appeal (BP-10) to the Regional Director. Further, if he is not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. See § 542.15(a)-(b). Exhaustion is not complete until ALL steps have been utilized.

The administrative procedure includes established response times. § 542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. The BOP can only obtain one extension of time of 20-30 days, requested in writing. If the inmate does not receive a response within the allotted time, including the extension, he may consider the absence of response as a denial at that level. Id.

Petitioner was ordered to amend his complaint to demonstrate exhaustion of all administrative remedies. In response, Petitioner submitted copies of the informal resolution attempt, the Warden's reply to Petitioner's BP-9, and Regional Director's reply to Petitioner's BP-10. [Doc. #7] Petitioner did not submit a copy of a BP-11 appeal to the Office of General Counsel, nor has

Petitioner alleged that he even appealed the Regional Director's decision. Because administrative remedies have not been exhausted until the inmate's claim has been filed at **all** levels and has been denied at all levels Petitioner has not completely exhausted his remedies. See 28 C.F.R. § 542.15; Neal v. Fleming, 2004 U.S. Dist. LEXIS 6398 (N.D. Tex. 2004)(citing Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). Additionally, Petitioner has not established, or even alleged, that the administrative remedies are unavailable to him, wholly inappropriate, or futile.

2. Merits

Petitioner submitted, as exhibits, excerpts from the federal and state court records of his co-defendant Alberto Tomas Pineiro Aragones. Petitioner claims that these exhibits support *his* contention that he is entitled to relief. He argues that although the federal judgment is silent as to whether it was to be served concurrent with or consecutive to the Texas sentence, it was the intention of the United States District Judge to give petitioner credit for the time he served in the Texas state prison. [Doc. #1-3, p. 2]

In this Court's Memorandum Order, Petitioner was advised that his co-defendant filed a petition for writ of *habeas corpus* in this Court last year, raising claims identical to Petitioner's, and that petition was dismissed with prejudice by this Court.[1] See Tomas Aragones-Pineir v. Fredrick Menifee, Docket No. 1:05-CV-2091. In the Aragones-Pineir case, a letter from United States District Court Judge Randy Crane of the Southern District of Texas dated August 9, 2005, advised, "It was my intention that Mr. Aragones-Pineir's federal sentence run consecutive to his state sentence." [See Aragones-Pineir v. Menifee, 1:05-CV-2091, Doc. #11-2, p. 40] Petitioner was

---

[1] United States District Judge Dee D. Drell entered a judgment dismissing the petition with prejudice on July 21, 2006. See 1:05-cv-02091, Doc. #15.

4

ordered to amend his pleadings to show how his situation may be distinguished from that of his co-defendant. Mr. Torres-Cortez failed to address this in an amended complaint.

In lieu of an amended complaint, Petitioner submitted a copy of the Judgment of the U.S. District Court for the Southern District of Texas ordering Petitioner sentenced to forty-eight months of imprisonment. [Doc. #7, p.8-11] The only recommendation made by the Court to the BOP in that document is that Torres-Cortez "be placed in an institution where he can receive drug and/or alcohol abuse treatment and/or counseling." [Doc. #7, p.9] Thus, Petitioner's own exhibit indicates that the district judge did **not** recommend to the BOP that the federal and state sentences run concurrently.

The Fifth Circuit holds that a federal sentence *can be* imposed to run concurrent with a future state sentence. United States v. Hernandez, 234 F.3d 252, 256 (5th Cir. 2000); United States v. Brown, 920 F.2d 1212, 1217 (5th Cir. 1991). The Fifth Circuit has also declared that "well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run **consecutively** unless the district court **specifically orders** they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003) (per curiam) (emphasis added).

Therefore, while a federal district court may take into consideration anticipated sentences from separate state court proceedings in determining whether to impose a concurrent or consecutive federal sentence, the failure of the Court to specify that the federal sentence is to run concurrently to the anticipated state sentence results in the designation of a consecutive sentence. **"A district court must specify in its sentencing that sentences run concurrently; otherwise, they run consecutively."** Id. (emphasis added); Reese v. United States Bureau of Prisons, 2006 U.S. Dist. LEXIS 23320 (D. Tex. 2006).

The Judgment of the sentencing court is silent as to whether the sentences should be

5

consecutive or concurrent. The designation by the state court that Petitioner's state sentence was to be served concurrently with his federal sentence is non-binding on the BOP. Leal v. Tombone, 341 F.3d 427, 429 n.13 (5th Cir. 2003) (per curiam).

## CONCLUSION

Petitioner's claim could be dismissed for procedural reasons; that is, Petitioner failed to completely exhaust administrative remedies. However, based on the foregoing discussion, it is evident that Petitioner's claim fails on the merits as the Judgment by the federal court in Texas does not state that Petitioner's federal sentence should run concurrent to his state sentence, and the BOP has designated the sentence as consecutive.

Therefore, IT IS RECOMMENDED that Petitioner's Section 2241 habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 22nd day of November, 2006.

                                      JAMES D. KIRK
                             UNITED STATES MAGISTRATE JUDGE